UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER DALE STAFFIN, an individual, MEDICINE MAN COLLECTIVE, SPIRITUAL CENTER CORPORATION, a nonprofit corporation,<br><br>           Plaintiffs,<br><br>      v.<br><br>COUNTY OF SHASTA, DAVID A. KEHOE, individually and as a Supervisor of the County of Shasta; LEONARD MOTY, individually, and as a Supervisor of the County of Shasta; GLENN HAWES, individually and as a Supervisor of the County of Shasta; LINDA HARTMAN, individually and as a Supervisor of the County of Shasta; LES BAUGH individually and as a Supervisor of the County of Shasta; TOM BOSENKO, Individually and as the Sheriff of the County of Shasta; DEPUTY TIMOTHY ESTES and DETECTIVE JOHN MEEKER, DEPUTY JESSE GUNSAULS, individually and as deputies of the Shasta County Sheriff's Department,<br><br>           Defendants. | No.  2:13-cv-00315 JAM-CMK<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

 This matter is before the Court on Defendants County of

Shasta; Board of Supervisors David Kehoe, Leonard Moty, Glen

1

Hawes, Linda Hartman, and Les Baugh; Sheriff Tom Bosenko; Deputy Sheriffs Timothy Estes and Jesse Gunsauls; and Detective John Meeker's (collectively "Defendants") Motion to Dismiss Plaintiffs' Complaint (Doc. #6). Plaintiffs Dale Staffin and Medicine Man Collective, Spiritual Center Corporation (collectively "Plaintiffs") oppose the motion (Doc. #10) and Defendants replied (Doc. #12).[1]  For the reasons set forth below, Defendants' motion is GRANTED.

### I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiffs originally filed this action on January 7, 2013, in Shasta County Superior Court against Defendants (Doc. #1). Defendant David Kehoe removed this action to this Court on February 14, 2013, based on federal question jurisdiction, 28 U.S.C. § 1331, and supplemental jurisdiction for the state law claims, 28 U.S.C. § 1367(a). Id. On February 21, 2013, Defendants moved to dismiss Plaintiffs' complaint (Doc. #6). In the complaint, Plaintiffs allege five causes of action against Defendants: (1) Deprivation of vested contractual rights under the California Constitution; (2) violation of 42 U.S.C. § 1983; (3) intentional interference with contractual relation; (4) violation of the Bane Act, California Civil Code Section 52.1; and (5) violation of California's Unruh Civil Rights Act, California Civil Code § 51.[2]  Compl. ¶¶ 45-82.

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for April 17, 2012.

[2] Plaintiffs also include a sixth cause of action for injunctive relief. Compl. ¶¶ 79-82. However, injunctive relief is not a separate cause of action but a form of relief. Lee v. First

2

Plaintiffs allege that beginning in November 2009 Defendants began a harassment program in furtherance of a de facto policy to ban all medical marijuana cooperatives, collectives, dispensaries, operators, establishments, or providers. Id. ¶ 25.

On or about February 23, 2010, Defendants Board of Supervisors David Kehoe, Leonard Moty, Glen Hawes, Linda Hartman, and Les Baugh ("Defendant Supervisors") enacted an emergency Shasta County ordinance that created a moratorium on medical marijuana dispensaries for 45 days. Id. ¶ 26.

On or about April 1, 2010, Plaintiff Medicine Man Collective, Spiritual Center Corporation ("Plaintiff MMCSC") entered into a lease agreement for a commercial property on 37016 Main Street, Burney, California, ("Main Street premises") to be opened as a collective, whose purpose was to produce, secure, dispense, cultivate, and distribute medical grade marijuana. Id. ¶ 18.

On or about April 6, 2010, Defendant Supervisors extended the February 23, 2010, moratorium. Id. ¶ 27.

On or about April 20, 2010, Plaintiffs allege that code enforcement officer Jerry Bellinger cited Plaintiffs for not having a special use permit and being a public nuisance under the ordinances passed on April 6, 2010. Id. ¶ 28. Bellinger stated, "the boys upstairs sent him and you will now have to have a special use permit." Id.

On or about October 26, 2010, Plaintiff MMCSC filed articles of incorporation with the California Secretary of State and named

---

Franklin Fin. Corp., No. 2:09-CV-00575, 2009 WL 1371740, at 2 (E.D. Cal. May 15, 2009).

Plaintiff Christopher Staffin ("Plaintiff Staffin") chief executive officer and first officer of Plaintiff MMCSC. Id. ¶¶ 16-17. They entered into an oral contract to receive compensation for actual expenses, including a reasonable compensation incurred for services provided to the qualified members and patients of Plaintiff MMCSC. Id. ¶ 17.

On or about November 1, 2010, Plaintiff MMCSC obtained a seller's permit from the State Board of Equalization. Id. ¶ 19.

On or about November 3, 2010, Bellinger again cited Plaintiffs for not having a special use permit and being a public nuisance. Id. ¶ 30. On that same date, Bellinger allegedly brought with him four Shasta County deputies and a detective with Shasta County Sheriff's Department, who allegedly harassed Plaintiff Staffin. Id. ¶ 31.

On or about November 8, 2010, Plaintiff Staffin allegedly told Plaintiffs' landlord that they had been cited again for "operating an illegal operation." Id. ¶ 32. In December 2010, Plaintiffs allege that their landlord refused further rent from them. Id. ¶ 37.

In April 2011, Plaintiffs allegedly were served with an unlawful detainer. Id. ¶ 39. In May 2011, they were evicted from the Main Street premises. Id. As a result of the eviction, Plaintiffs allege they modified their business to a "cultivation and delivery business of medical grade marijuana." Id. ¶ 40. On or about June 4, 2011, Plaintiff MMCSCC, through Plaintiff Staffin, leased real property for the purpose of cultivating and producing medical grade marijuana. Id. ¶ 21.

On or about October 27, 2011, Plaintiffs allege that

1   Defendants Gunsauls and Estes stopped Plaintiff Staffin in a
2   vehicle registered to Plaintiff MMCSC and seized 33 pounds of
3   medical grade marijuana from the vehicle.  Id. ¶ 41.  The
4   marijuana was never returned.  Id.  Plaintiff Staffin was charged
5   with the possession for sale and transportation of marijuana
6   among other crimes.  Id. ¶ 42.  On or about December 14, 2011,
7   Plaintiff Staffin was bound over for trial on the transportation
8   and possession for sale charges.  Id. ¶ 43.
9       On or about December 31, 2011, as a direct proximate result
10  of Defendants' conduct, Plaintiffs allege they were forced to
11  cease all operation.
12      On or about December 31, 2011, Defendant Supervisors enacted
13  Shasta County ordinance SCC 2011-05, "which would allow the
14  cultivation of marijuana on 1 acre or less limited to 60 square
15  feet up to 360 square feet of cultivation for parcels greater
16  than 20 acres."  Id. ¶ 24.
17      On or about June 12, 2012, Plaintiffs allegedly served on
18  the County a claim delineating Defendants' offenses and the claim
19  was denied on July 5, 2012.  Id. ¶ 44.
20
21                          II.  OPINION
22      A.  Legal Standard
23      A party may move to dismiss an action for failure to state a
24  claim upon which relief can be granted pursuant to Federal Rule
25  of Civil Procedure 12(b)(6).  In considering a motion to dismiss,
26  the court must accept the allegations in the complaint as true
27  and draw all reasonable inferences in favor of the plaintiff.
28  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other

grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

B.   Discussion

1.   Violation of 42 U.S.C. § 1983

Defendants argue that all of Plaintiffs' claims rest on the assumption that marijuana use and distribution is legal, even though neither California nor federal law authorizes the use or distribution of marijuana. Mot. at 7. Plaintiffs contend that this case is not based on the legality of medical marijuana. Although Defendants argue that neither Plaintiffs' federal law claim nor Plaintiffs' state law claims are viable because marijuana is illegal, the Court considers this argument only as

1  to the federal claim—Plaintiffs' second cause of action for
2  violation of 42 U.S.C. § 1983, which includes Contract Clause[3],
3  Due Process, and Monell claims.  Therefore, the Court does not
4  consider Defendants' argument regarding the legality of
5  marijuana as to Plaintiffs' state law claims because as
6  explained below it declines to exercise supplemental
7  jurisdiction over these claims.  See 28 U.S.C. §§ 1367(c)(1) and
8  (c)(3).  In addition, the Court finds, for the reasons stated
9  below, that it need not address Defendants' legislative and
10 qualified immunity arguments for the determination of this
11 motion.
12                (a)   Contract Clause Claim
13     Plaintiffs argue that Defendants violated the Contract
14 Clause because "the Defendants used red tape to drive
15 [Plaintiffs] out of business, a business that was allowed under
16 State law" and thereby interfered with their vested contractual
17 rights.  Opp. at 9.
18     The Contracts Clause provides, in relevant part, that "[n]o

---

[3] Plaintiffs refer to the Commerce Clause, Article 1, Section 8, Clause 3 of the U.S. Constitution, in the complaint and in their opposition, but cite to cases related to the Contract Clause, Article I, Section 10, Clause 1 of the U.S. Constitution. See Comp. ¶ 59; Opp. at 9.  Under the Commerce Clause, "In order to establish a claim under the so-called dormant Commerce Clause, [Plaintiffs] must show that the state law or regulation in question penalizes interstate commerce, and does so without sufficient economic justification." Nat'l Audubon Soc'y, Inc. v. Davis, 307 F.3d 835, 857 opinion amended on denial of reh'g, 312 F.3d 416 (9th Cir. 2002).  Plaintiffs do not allege that any of the policies have an effect on interstate commerce; therefore, Plaintiffs have failed to allege sufficient facts for a Commerce Clause claim.  Plaintiffs, however, appear to confuse the Commerce Clause with the Contracts Clause.  Accordingly, the Court interprets Plaintiffs' Commerce Clause claim as a Contracts Clause claim.

7

state shall enter into any . . . Law impairing the Obligation of Contracts." U.S. Const. art. I, § 10.  To prove a violation of this constitutional provision, a plaintiff must demonstrate that a change in state law has "operated as a substantial impairment of a contractual relationship." Matsuda v. City & Cnty. of Honolulu, 512 F.3d 1148, 1155 (9th Cir. 2008) (quoting General Motors Corp. v. Romein, 503 U.S. 181, 186 (1992).  This inquiry is divided into three parts: "(1) whether there is a contractual relationship; (2) whether a change in a law has impaired that contractual relationship; and (3) whether the impairment is substantial." Id. (internal quotations and citations omitted). Federal law controls whether an agreement constitutes a contract for purposes of Contract Clause analysis, although courts "'accord respectful consideration and great weight'" to state contract principles. General Motors Corp., 503 U.S. at 187 (citation omitted).  Further, when a state statute substantially impairs a private contract, courts must determine whether impairment is both reasonable and necessary to fulfill an important public purpose. In re Seltzer, 104 F.3d 234 (9th Cir. 1996) (citing Energy Reserves Grp., Inc. v. Kansas Power & Light Co., 459 U.S. 400, 411-12 (1983)).

In this case, Defendants allegedly interfered with three contracts: (1) Plaintiff Staffin's contract to receive compensation for actual expenses, including a reasonable compensation incurred for services provided to the qualified members and patients of Plaintiff MMCSC (Compl. ¶ 17); (2) Plaintiff MMCSCC's contract to lease real property for the permitted use of legal medical cultivation and dispensation of

1  cannabis and other restorative plants and general office use (Id.
2  ¶ 18 and Ex. C); and (3) Plaintiff MMCSCC's contract, through
3  Plaintiff Staffin, to lease real property for the purpose of
4  cultivating and producing medical grade marijuana (Id. ¶ 21).

As Defendants point out, all three contracts relate to distribution or cultivation of medical marijuana.  However, marijuana is contraband under federal law.  See Gonzales v. Raich, 545 U.S. 1, 27 (2005) (explaining that even if marijuana is used "for personal medical purposes on the advice of a physician," it is still considered contraband under the Controlled Substances Act ("CSA"), 21 U.S.C. § 801 *et seq.*, which designates marijuana as contraband "for any purpose").  Therefore, under federal law for the purposes of Contract Clause analysis, no valid agreement exists.  See e.g., Tracy v. USAA Cas. Ins. Co., CIV. 11-00487 LEK, 2012 WL 928186, at *13 (D. Haw. Mar. 16, 2012), appeal dismissed (June 14, 2012) (refusing to enforce a provision of an insurance contract, in part, because plaintiff's "possession and cultivation of marijuana, even for State-authorized medical use, clearly violates federal law").

Further, Plaintiffs have failed to allege how the change in law impaired the contracts, facts to show that the impairment was substantial, and that the law was not reasonable and necessary to fulfill an important public purpose.

Accordingly, the Court dismisses Plaintiffs' Contract Clause claim.  Because Plaintiffs cannot allege a valid contract under federal law, the complaint cannot be saved by amendment and therefore granting Plaintiffs leave to amend would be futile.

1                (b)   Due Process Claim

2      Relying on County of Butte v. Superior Court of Butte
3 County, 175 Cal.App.4th 729 (2009), Plaintiffs claim that the
4 Defendants Gunsauls and Estes arrested Plaintiff Staffin despite
5 having sufficient evidence to provide him immunity from arrest
6 under California law and that thirty-three pounds of marijuana
7 found in the car were seized and never returned.  Opp. at 9-10;
8 Compl. ¶ 41.
9      Procedural due process, as required by the United States
10 Constitution, protects only those matters that may be construed
11 as liberty or property interests.  Conejo Wellness Ctr., Inc. v.
12 City of Agoura Hills, B237718, 2013 WL 1278414, at 15 (Cal. Ct.
13 App. Mar. 29, 2013)(citations omitted)(noting the differences
14 between procedural due process under the United States and
15 California Constitutions).  However, no person can have a legally
16 protected interest in contraband per se.  United States v.
17 Schmidt v. Cnty. of Nevada, 2:10-CV-3022 FCD/EFB, 2011 WL
18 2967786, at *5-6 (E.D. Cal. July 19, 2011) (citation omitted).
19 Therefore, because marijuana is contraband per se under federal
20 law, as mentioned above, no person can have a cognizable legal
21 interest in it.  Id.
22     Moreover, Plaintiffs' reliance on Butte, for the purposes of
23 federal due process, is misplaced.  In Butte, the court held that
24 ordering a person who qualified as a medical marijuana patient to
25 destroy marijuana plants without probable cause to believe they
26 were contraband violates due process and fundamental fairness.
27 175 Cal.App.4th at 736-37.  However, the court "acknowledged that
28 the [Compassionate Use Act] has no effect on marijuana arrests

and prosecutions or searches and seizures under federal law" because "[t]he Act presents the unusual circumstance of a state law that, under limited circumstances, permits the possession of a substance deemed to be contraband under federal law." Id. at 739-40.

Finally, Plaintiffs make no attempt to identify an alternative liberty or property interest aside from the interest to be free from arrest and prosecution for collectively cultivating and possessing marijuana for medical reasons. Accordingly, the Court finds that Plaintiffs do not have a cognizable federal due process claim. Because the Court further finds that the claim cannot be saved by amendment, granting Plaintiffs leave to amend would be futile.

### (c) Monell Claim

Plaintiffs argue that they have sufficiently set forth a Monell claim because they allege that Bellinger was dispatched to enforce ordinances by the "Boys upstairs". Opp. at 11.

Under § 1983, "an individual may recover only when that individual's federal rights have been violated." Quintanilla v. City of Downey, 84 F.3d 353, 356 (9th Cir. 1996). As a result, when there is no underlying constitutional violation, a plaintiff cannot maintain a claim for municipal liability. Id. (citing City of Los Angeles v. Heller, 475 U.S. 796, 799) (stating "[i]f a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point") (emphasis in original)).

Because Plaintiffs have failed to allege any underlying constitutional violations, they cannot maintain a Monell claim. Further, they have not alleged any of the elements of a Monell claim, such as deliberate indifference or causation. See Oviatt By & Through Waugh v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992) (For Monell, a plaintiff must allege, "(1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'")(quoting City of Canton v. Harris, 489 U.S. 378, 389-91 (1989)).

Accordingly, Plaintiffs' Monell claim based on the Contract Clause and due process claims is dismissed. Because the underlying claims are dismissed without leave to amend, the Court does not grant leave to amend for the Monell claim either. Consequently, the Court need not address Defendants' alternative legislative and qualified immunity arguments.

   2.   Remaining State Law Claims

Plaintiffs first, third, fourth, and fifth causes of action are all state law claims. Plaintiffs request the Court not to exercise supplemental jurisdiction because Plaintiffs believe this action is too novel and complex under state law that it would be imprudent to exercise jurisdiction. Opp. at 2 (citing 28 U.S.C. § 1367(c)(1)).

Under § 1367, a district court may decline to exercise supplemental jurisdiction where the claim raises a novel or complex issue of state law or where a district court has

dismissed all claims over which it has original jurisdiction. 28 U.S.C. §§ 1367(c)(1) and (c)(3). Having dismissed Plaintiffs' federal claims and finding that the state law claims related to medical marijuana are novel issues of California law, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. Accordingly, these claims are dismissed without prejudice.

### III. ORDER

For the reasons set forth above, the Court GRANTS WITH PREJUDICE Defendants' Motion to Dismiss:

(1) Plaintiffs' second cause of action for violation of 42 U.S.C. § 1983.

The Court DISMISSES WITHOUT PREJUDICE Plaintiffs first, third, fourth and fifth state law claims for:

(1) Deprivation of vested contractual rights under the California Constitution;

(2) Intentional interference with contractual relation;

(3) Violation of the Bane Act, California Civil Code Section 52.1; and

(4) Violation of California's Unruh Civil Rights Act, California Civil Code § 51.

IT IS SO ORDERED.

Dated: May 6, 2013

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

13